
U.S. Department of Justice

*United States Attorney*
*Southern District of New York*
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2020

*86 Chambers Street*
*New York, New York 10007*

January 24, 2020

**By ECF & Email**
Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
Email: Torres_NYSDChambers@nysd.uscourts.gov

      Re:    *Zelaya-Romero v. Bussanich,* Case No. 17 CV 9651 (AT) (OTW)

Dear Judge Torres:

      In this action, pro se Plaintiff Ludwig Zelaya-Romero, a federal inmate, claims that while housed at the MCC, medical staff provided him with substandard medical care. Plaintiff asserts causes of action for negligence under the Federal Tort Claims Act; and for violation of his civil rights against the medical care providers under *Bivens*. Defendants have moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and for summary judgment.

      I write respectfully to request leave to file under seal Exhibit 3 to the Declaration of Joy Aassiddaa (attached), filed in support of the Defendants' Motion. Exhibit 3 is a medical record of Plaintiff, specifically a radiology report dated December 19, 2017, documenting the results of an examination of Plaintiff. (This letter, without Exhibit 3, will be filed on ECF.) In the Amended Complaint, Plaintiff describes the contents of this document in support of his claim that the *Bivens* defendants were deliberately indifferent to his serious medical needs. As explained below, the privacy interests of Plaintiff in the document warrants granting this application.

      It is generally presumed that there is public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access is "'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). The "'weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id*. This presumption is not absolute, however. It can be overcome if a court determines that countervailing factors warrant confidentiality. *Id*. at 120.

Under *Lugosch,* the Court addresses Defendants' redaction request through a three-step analysis: (i) whether the "presumption of access" applies as is usually the case with judicial documents; (ii) the weight to be given to the presumption of access; and (iii) whether the competing considerations outweigh the presumption of access. Defendants' request satisfies this analysis. *First*, the presumption of access applies because the information at issue may be "relevant to the performance of the judicial function," *i.e.*, deciding whether Plaintiff's civil rights were violated. *Id.* at 119.

*Second*, Exhibit 3 creates a presumption of access. This document provides information relevant to the Court's adjudication of the Motion because analysis of Plaintiff's civil rights claim depends, in part, on the seriousness of his alleged medical condition and the evaluation of that condition by an outside specialist, as well as the *Bivens* defendants' awareness of the nature of that alleged condition. Nonetheless, the Amended Complaint provides a description of the examination results documented in Exhibit 3 which would allow the public to evaluate the "conscientiousness, reasonableness, or honesty of" the Court's adjudication of the Motion. *Lugosch,* 435 F.3d at 119.

Third, the privacy interests individuals retain in their medical information is well-established and significant. *See, e.g., Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business, family affairs, **illnesses**, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.") (emphasis added); *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) (noting, "there is a recognized privacy interest in medical records").

Given that the Amended Complaint's description of Exhibit 3 permits evaluation of the Court's adjudication of the Motion, Defendants respectfully submit that there is no compelling need for the document to be in the public eye.

We thank the Court for its consideration of this request

    Respectfully,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

    By:  /s/ Brandon Cowart
        BRANDON H. COWART
        Assistant United States Attorney
        Telephone: (212) 637-2693
        E-mail: brandon.cowart@usdoj.gov

Enclosure

cc: <u>By Regular Mail</u>
    Ludwig Zelaya-Romero (with Exhibit 3)
      Inmate No. 75942-054
    Metropolitan Detention Center
    100 29th Street
    Brooklyn, NY 11232

    Pro Se Plaintiff

GRANTED. Defendants may file the declaration of Joy Aassiddaa under seal. The Court notes, however, that the privacy interest that justifies sealing belongs to Plaintiff. Accordingly, the Court will lift the seal if Plaintiff makes an application for it to do so.

The Clerk of Court is directed to mail a copy of this order to the Plaintiff *pro se*.

SO ORDERED.

Dated: January 29, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge